UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA FELTS, as Special Administrator
of the Estate of Hester L. Green, deceased, and
JAMES E. GREEN,

    Plaintiffs,

v.

Q CARRIERS, INC., EDDIE A. JOHNSON
and JAMES E. GREEN,

    Defendants.

Case No. 14-cv-490-JPG-DGW

# MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting federal courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defects in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Q Carriers, Inc.:

- **Failure to allege complete diversity.** Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the opposing parties not be citizens of the same state. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). In this case, it appears James E. Green, a citizen of Illinois, is both a plaintiff and defendant. Thus, there is an Illinois citizen on both sides of this case.

- **Failure to allege the citizenship of decedent.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Gustafson v. zumBrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008); *Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). The notice of removal does not allege the decedent's citizenship prior to her death.

The Court hereby **ORDERS** defendant Q Carriers, Inc. to **SHOW CAUSE** on or before

May 16, 2014, why this case should not be remanded for lack of subject matter jurisdiction.

Failure to respond to this order may be construed as an admission of the lack of subject matter jurisdiction and may result in remand of this case.

**IT IS SO ORDERED.**
**DATED: April 30, 2014**

                                          s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**