UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARBARA FELTS, as Special Administrator
of the Estate of Hester L. Green, deceased, and
JAMES E. GREEN,

     Plaintiffs,

         v.

Q CARRIERS, INC., EDDIE A. JOHNSON
and JAMES E. GREEN,

     Defendants.

Case No. 14-cv-490-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Q Carriers, Inc.'s response (Doc. 15) to

the Court's April 20, 2014, order to show cause why the Court should not remand this case for lack

of subject matter jurisdiction (Doc. 12).   In that order, the Court noted that complete diversity did

not exist as required by *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), and that Q Carriers

had failed to allege the proper citizenship of the plaintiff estate.   In response, Q Carriers cures the

second defect by clarifying that the decedent was a citizen of Illinois, so Felts should be deemed a

citizen of Illinois in her capacity as the representative of the decedent's estate.   Q Carriers also

argues that this action is actually composed of two separate actions:   (1) James E. Green v. Q

Carriers and Eddie Johnson, and (2) Barbara Felts v. James E. Green, Q Carriers and Eddie

Johnson.   It notes that complete diversity under 28 U.S.C. § 1332(a) exists in Green's action, and

that Felts' separate and independent action is removable under 28 U.S.C. § 1441(e)(1)(B).   It also

cites 28 U.S.C. § 1441(c) as a basis for removal.

It is clear that removal is not appropriate under 28 U.S.C. § 1441(e)(1)(B).   Section

1441(e) states, in pertinent part:

**(e) Multiparty, multiforum jurisdiction.–(1)** Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if–

**(B)** the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.

In turn, 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"),

provides for original federal jurisdiction over certain civil actions that arise from a single accident

"where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C.

§ 1369(a).   The purpose of the MMTJA is to "consolidate multiple cases arising out of a single

disaster."  *Pettitt v. Boeing Co.*, 606 F.3d 340, 342 (7th Cir. 2010) (citing H.R. Rep. No. 106-276,

at 200 (2002) (Conf. Rep.)).   There is no indication or allegation in this case that the defendant is

a party to an action that involves the death of at least 75 people at a discrete location and that this

action arose from the same accident.   Thus, §1369 and § 1441(e)(1)(B) do not apply and do not

authorize removal.

It is equally clear that removal is not appropriate under 28 U.S.C. § 1441(c), which states,

in pertinent part:

**(c) Joinder of Federal law claims and State law claims.–(1)** If a civil action includes–

**(A)** *a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and*

**(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(emphasis added).   By its very terms, this provision for removal applies only to cases asserting a

claim over which the Court has federal question jurisdiction.   The case at bar asserts no federal

question claim over which the Court would have original jurisdiction under 28 U.S.C. § 1331, so

28 U.S.C. § 1441(c) does not authorize removal.

Q Carriers has asserted no other basis for federal jurisdiction.   Accordingly, in the absence

of a valid basis to exercise federal jurisdiction over this case, the Court **REMANDS** the case to the

Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, pursuant to 28 U.S.C.

§ 1447(c) based on lack of federal subject matter jurisdiction.   This ruling renders plaintiff

Barbara Felts' motion to remand (Doc. 17) **MOOT**.   The Court declines to award attorney's fees

to Felts' pursuant to 28 U.S.C. § 1447(c) because Felts' federal court filings were not instrumental

in the Court's decision to remand this case.

**IT IS SO ORDERED.**
**DATED:   May 28, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
